

# NUMBER 13-13-00322-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE INTEREST OF C.A.S. AND J.M.S. II, CHILDREN

### On appeal from the 105th District Court of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza**
**Memorandum Opinion Per Curiam**

On August 14, 2013, appellant was notified that he failed to request the reporter's record and that, unless the defect was cured within ten days, the Court would consider and decide those issues or points that do not require a reporter's record for a decision. *See* Tex. R. App. P. 37.3(c). Appellant did not respond to the notice and on September 4, 2013, appellant was advised that the brief was due on October 4, 2013.

On October 23, 2013, the Clerk of the Court notified appellant that the brief had not been timely filed and that the appeal was subject to dismissal for want of prosecution

under Texas Rule of Appellate Procedure 38.8(a)(1) unless, within ten days from the date of receipt of the Court's letter, appellant reasonably explained the failure and how the appellee was not significantly injured by the appellant's failure to timely file a brief. The notice was sent to appellant's last known forwarding address; however, the notice was returned unclaimed and no response has been filed.

Texas Rule of Appellate Procedure 9.1(b) requires unrepresented parties to sign any document filed and "give the party's mailing address, telephone number, and fax number, if any." *See* TEX. R. APP. P. 9.1(b). Appellant has neither provided this Court with a forwarding address nor taken any other action to prosecute this appeal.

Rule 42.3 permits an appellate court, on its own initiative and after giving ten days' notice to all parties, to dismiss the appeal for want of prosecution or for failure to comply with a requirement of the appellate rules. *See id.* 42.3(b), (c). Rule 2 authorizes an appellate court to suspend a rule's operation in a particular case to expedite a decision. *See id.* 2.

Given the length of inactivity in this appeal and this court's inability to give effective notice to appellant during the period of inactivity, we suspend Rule 42.3's requirement of ten days' notice to all parties, and dismiss the appeal on our own motion. Accordingly, the appeal is DISMISSED FOR WANT OF PROSECUTION. *See id.* 38.8(a), 42.3(b),(c).

PER CURIAM

Delivered and filed the 5th
day of December, 2013.

2